# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| **GARY L BRUTON** | **CIVIL ACTION NO. 17-cv-1550** |
| **VERSUS** | **JUDGE ELIZABETH E. FOOTE** |
| **SHREVEPORT POLICE DEPARTMENT OFFICERS** | **MAG. JUDGE KAREN L. HAYES** |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion for summary judgment filed by defendants Officer Christian Lara, Cpl. Matthew Reger, and Cpl. Steven Hathorne. [doc. #58]. The motion is opposed. For reasons explained below, it is recommended that the motion for summary judgment be **DENIED**.

## Background

This litigation arises out of a pro se civil rights complaint under § 42 U.S.C. 1983 filed by plaintiff Gary Bruton, who alleges Shreveport police officers used excessive force when they arrested him. The incident occurred during the early morning hours on September 26, 2017, after Bruton was arrested for an armed robbery. Both parties agree that Bruton committed the crime for which he was arrested. Bruton is proceeding *in forma pauperis*. [doc. # 11].

On November 28, 2017, Bruton filed an initial deficient complaint against the Shreveport Police Department Officers. [doc. #1]. On February 20, 2018, Bruton filed a new complaint, seeking $75,000 in general damages and $75,000 in damages for emotional distress. [doc. # 27, p. 6]. On March 20, 2018, Bruton filed an amended complaint. [doc. #15]. On August 22, 2018, Bruton filed another amended complaint. [doc. # 27]. On October 19, 2018, defendants filed their answer, asserting the defense of qualified immunity. [doc. #30].

1

On May 28, 2019, defendants filed a motion for summary judgment. [doc. #58]. Defendants claim Bruton's suit fails because (1) Bruton cannot establish he suffered more than a *de minimis* injury and (2) the use of force was necessary to overcome Bruton's resistance. [doc. #58-1 at 6, 8]. On June 13, 2019, Bruton filed his opposition to the summary judgment motion. [doc. #60]. Bruton claims his suit should proceed because he suffered more than *de minimis* injuries and the force used was not necessary because he was posing no resistance. [doc. #60-1, pgs. 6-9].

## Relevant Facts

### I. Defendants' Version

1. The officers identified Bruton as the suspect who committed the robbery and chased after him. He was instructed to stop but he ran away from the officers.

2. During the pursuit, Lara saw a black object in Bruton's left hand.

3. Reger came into contact with Bruton. Reger drew his weapon, and gave Bruton several verbal commands to stop, lay on the ground, and show his hands. Bruton continued running.

4. Bruton attempted to conceal himself in a tall grassy shrub next to a vacant lot. Both Lara and Reger instructed Bruton to show his hands. Bruton showed only his right hand while digging in his pocket with his left hand.

5. Lara grabbed Bruton's right hand to handcuff him.

6. Bruton began actively resisting and refused to give the officers his left hand.

7. Lara, Reger, and Hathorne delivered multiple distractionary strikes to Bruton's upper torso and back area due to his continued resistance and his attempts to reach underneath him with his left hand.

8. Lara and Reger grabbed Bruton's left hand and secured him in handcuffs.

9. After Bruton was handcuffed, no other force was used.

10. The Shreveport Fire Department was called to the scene and treated Bruton for a small laceration above his right eye.

11. Bruton was transported to the hospital, where no fractures were observed. He was given Ibuprofen.

12. Bruton was actively resisting at all times force was used and the defendant officers reasonably believed they were in immediate danger of death or serious bodily harm.

13. The amount of force used was necessary to overcome Bruton's resistance.

14. The use of force by Officer Lara, Cpl. Reger, and Cpl. Hathorn was objectively reasonable and was not excessive to the need.

## II.  Plaintiff's Version

1. Reger drove onto the sidewalk and nearly struck Bruton.

2. Out of fear, Bruton ran.

3. Bruton surrendered to the police by laying on the ground with his hands held high.

4. Bruton was commanded by Lara to turn onto his stomach and keep his hands in plain view.

5. Bruton saw that the police officers had their fire arms drawn. As a result, Bruton moved his Black LG cell phone from his hand into his pocket.

6. Lara handcuffed both his right and left wrists. The effect of the handcuffs caused his body to be slightly positioned off the ground.

7. Reger and Lara assaulted Bruton, punching him in the ribs, back, head, and face areas.

8. The force applied by the officers caused an extremely sharp pain to accrue. As a result, Bruton experienced an extremely sharp pain and repeatedly screamed "my arm, my arm, my arm."

9. The assault by Reger and Lara lasted for three to four minutes.

10. Hathorn arrived at the scene and proceeded to kick Bruton directly in the face.

11. Plaintiff turned his head, which was under Reger's knee, to avoid being further injured. As a result of his attempt to turn his head, Reger struck him in the face with a closed fist.

12. Bruton then attempted to turn his head in the other direction. As a result of his attempt to turn his head, he was kicked in the face again by Hathorn.

13. Bruton planted his face, which was underneath Reger's knee, into the ground.

14. Bruton was kicked by Hathorn in the jaw area on the right side of his face, causing him to experience a sharp pain.

15. Bruton pleaded with the defendants to stop because he was in great pain.

16. The defendants' assault continued.

17. Bruton screamed that his neck was broken and that he could not feel his legs.

18. The defendants stopped, and Bruton was carried from the grassy area into the street.

19. Due to the assault, Bruton sustained a swollen eye, a fractured nose, a fractured jaw, multiple abrasions, back pain, jaw pain, wrist pain, and shoulder pain.

## Law and Analysis

### A. SUMMARY JUDGMENT

Federal Rule of Civil Procedure 56(a) mandates summary judgment "if the movant shows there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Summary judgment is appropriate when the pleadings, answers to interrogatories, admissions, depositions, and affidavits on file indicate there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp v. Catrett*, 477 U.S. 317, 322 (1986). A dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 25011 (1986). A fact is material if it might affect the outcome of the suit under the governing law. *Id*. at 248.

The moving party may meet its burden in demonstrating the absence of a genuine issue of material fact by pointing out the record contains no support for the non-moving party's claim. *Stahl v. Novartis Pharmaceuticals Corp*., 283 F.3d 254, 263 (5th Cir. 2002). Thereafter, if the non-movant is unable to identify anything in the record to support its claim, summary judgment is appropriate. *Id*.

In evaluating the evidence tendered by the parties, the court must accept the evidence of the non-movant as credible and draw all justifiable inferences in his favor. *Anderson*, 477 U.S. at 255. The court need consider only the cited materials, but it may consider other materials in the record. FED.R.CIV.P. 56(c)(3). While courts will resolve factual controversies in favor of the nonmoving party, an actual controversy exists only when both parties have submitted evidence of contradictory facts. *Little v. Liquid Air. Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc). There can be no genuine dispute as to a material fact when a party fails to make a showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp.*, 477 U.S. at 322-23.

### B. QUALIFIED IMMUNITY

Bruton alleges that the police officers were acting under color of state law when they injured him and that they are thus liable to him under § 1983 for using excessive force when arresting him. The police officers argue they are entitled to qualified immunity on all claims.[1]

Government officials are protected from liability under § 1983 unless the official's conduct violated a clearly established constitutional right. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). Public officials such as police officers are entitled to qualified immunity on summary judgment unless (1) Bruton has adduced sufficient evidence to raise a genuine dispute of material fact suggesting the officers' conduct violated an actual constitutional right and (2) the officers' actions were objectively unreasonable in light of clearly established law at the time of the conduct in

---

[1] Although the defendants do not explicitly raise a qualified immunity defense in their memorandum in support of their motion for summary judgment, they do raise the defense in their answer and provide the court with a legal standard in their memorandum used in determining whether a claim is barred by qualified immunity.

question. *Poole v. City of Shreveport*, 691 F..3d 624, 628 (5th Cir. 2012)(citing *Brumfield v. Hollins*, 551 F.2d 322, 326 (5th Cir. 2008)).

Although the analysis used to be a two-step process, *Pearson* established that lower courts have discretion to address these prongs in whatever order is most appropriate to the case at hand. 555 U.S. at 236. At the outset, the court finds that an arrestee's right to be free from excessive force was clearly established here. For a right to be clearly established, "the contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 194 (5th Cir. 2009). In September 2017, tt was clearly established that punching, kneeing, and assaulting an arrestee who is neither fleeing nor resisting arrest is excessive. *See Cooper v. Brown*, 844 F.3d 517, 524 (5th Cir. 2016)(citing *Bush v. Strain*, 513 F.3d 492, 502 (5th Cir. 2008)). Furthermore, the defendants acknowledge that the right was clearly established. Thus, the motion for summary judgment will turn on whether the facts alleged make out a violation of a constitutional right.

The legally relevant factors bearing on this analysis are different during summary judgment than during an earlier motion to dismiss. *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002). At the motion to dismiss stage, the court looks at the defendant's conduct as alleged in the complaint. *Id*. At the summary judgment stage, the plaintiff can no longer rest on the pleadings and the court looks to the evidence before it, in the light most favorable to the plaintiff. *Id*.

### C. EXCESSIVE FORCE

The court begins with its inquiry whether the summary judgment submissions raise a genuine issue of material fact as to Bruton's claim that the defendants used excessive force. To overcome the officers' claim of qualified immunity on his claim of excessive force, Bruton must show (1) an injury, (2) which resulted directly and only from a use of force that was clearly

excessive, and (3) the excessiveness of which was clearly unreasonable. *Poole*, 691 F.3d at 628 (quoting *Ontiveros v. City of Rosenberg*, 564 F.3d 379, 382 (5th Cir. 2009). Within this qualified immunity inquiry, the parties dispute whether Bruton suffered an injury of constitutional significance and whether the use of force was necessary to overcome Bruton's resistance.

The Fifth Circuit requires a plaintiff to have suffered at least some injury. *Jackson v. Culbertson*, 984 F.2d 699, 700 (5th Cir. 1993). The extent of injury suffered by a plaintiff is one factor that may suggest whether the use of force was excessive in a situation. *Hudson v. McIllian*, 503 U.S. 1, 7, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992). The amount of injury necessary to satisfy the requirement of some injury and establish a constitutional violation is directly related to the amount of force that is constitutionally permissible under the circumstances. *Ikerd v. Blair*, 101 F.3d 430, 435 (5th Cir. 1996).

Both parties have submitted Bruton's medical records. Because this is a motion for summary judgment, and not a motion to dismiss, the court reviews the medical records and does not accept Bruton's allegations of medical injuries as true. *See, e.g., Nowell v. Acadian Ambulance Service*, 147 F.Supp 2d 495, 510 (finding that allegations made by the plaintiff were not supported by the medical record); *Reaux v. Sibley*, 2011 WL 2455759, at *5 (M.D. La. May 25, 2011)(finding that plaintiff's allegations of fractured bones and broken nose were not supported by the medical record).

Bruton alleges a swollen eye, a fractured nose, a fractured jaw, multiple abrasions, back pain, jaw pain, wrist pain, and shoulder pain. The medical records show that Bruton visited the emergency room on September 26, 2017, complaining of pain to his face, back, and shoulder. [doc. #58-4, p. 31]. A physical exam revealed an abrasion to his head, right periorbital erythema (redness), and tenderness and pain in his left shoulder and back. *Id*. at 31, 33. The physical exam

said his nose was normal. *Id*. at 37. He was prescribed 600 mg of ibuprofen. *Id*. He was examined for fractures, but none were found.

Though the evidence makes it impossible to accept as plausible some of the injuries alleged by Bruton, this finding does not necessarily mean that he suffered only *de minimis* injuries as the defendants argue. In fact, the "amount of injury necessary to satisfy the [Fifth Circuit's] requirement of 'some injury' and establish a constitutional violation is directly related to the amount of force that is constitutionally permissible under the circumstances." *Ikerd v. Blair*, 101 F.3d 430, 435 (5th Cir. 1996).

In *Alexander v. City of Round Rock*, the Fifth Circuit clarified the standard this court should apply in determining whether an injury is legally significant. 854 F.3d 298, 310 (5th Cir. 2017). It explained that even insignificant injuries can support an excessive force claim provided they result from unreasonably excessive force:

> Although a de minimis injury is not cognizable, the extent of injury necessary to satisfy the injury requirement is directly related to the amount of force that is constitutionally permissible under the circumstances. Any force found to be objectively unreasonable necessarily exceeds the *de minimis* threshold, and, conversely, objectively reasonable force will result in *de minimis* injuries only. Consequently, only one inquiry is required to determine whether an officer used excessive force in violation of the Fourth Amendment. In short, as long as a plaintiff has suffered some injury, even relatively insignificant injuries and purely psychological injuries will prove cognizable when resulting from an officer's unreasonably excessive force.

*Id*. at 309 (quotation marks, citations, and modifications omitted).[2]

On the facts as recounted by Bruton, a reasonable factfinder could determine that the officers' use of force was unreasonable, when the only evidence before the court as to the reasonableness of the defendant's actions is the conflicting stories of the plaintiff and defendant.

---

[2] Though the *Alexander* court was reviewing a motion to dismiss, the same reasoning was applied on a motion for summary judgment in *Sam v. Richard*, 887 F.3d 710 (5th Cir. 2018)

Bruton claims he was lying down with his hands up in the air. If that is true, at that point he had surrendered himself. Once a person surrenders himself, any potential injuries obtained via putting on the handcuffs could be considered a *de minimis* injury. *See Glenn v. City of Tyler*, 242 F.3d 307, 314 (5th Cir. 2001) ("this court finds that handcuffing too tightly, without more, does not amount to excessive force"). However, the injuries to Bruton's face, eye, back, and shoulder detailed in the medical records are not of the type that would occur in the normal course of arresting someone who is offering no resistance.

Bruton claims he was physically assaulted by the police officers as they kicked and punched him after he had surrendered. Such conduct, if proved, would be an unreasonable use of force. Thus, if Bruton's version of the facts surrounding his arrest is true, even minor injuries such as those sustained by Bruton would NOT be *de minimis* injuries. *See, e.g., Sam v. Richard*, 887 F.3d 710, 714 (5th Cir. 2018) (finding minor bleeding sustained after surrender to police was not a de minimis injury); *Bone v. Dunnaway*, 657 Fed. Appx. 258, 262 (5th Cir. 2016)("Although Bone's allegation of injury could be characterized as de minimis—bruising and a swollen cheek—whether an injury is cognizable depends on the reasonableness of the force, not just the extent of the injury"); *Schmidt v. Gray*, 399 Fed.Appx. 925, 928 (5th Cir. 2010) (pain, soreness, and bruising resulting from an officer's slamming a car's trunk lid on a suspect's finger was a legally cognizable injury); *Williams v. Bramer*, 180 F.3d 699, 704 (5th Cir. 1999) ("dizziness, loss of breath, and coughing" caused by choking was sufficient injury to assert constitutional violation). The medical records show that Bruton suffered injuries and those injuries sustained by Bruton are cognizable given the context in which he alleges they occurred.

On the facts as recounted by Bruton, any use of force after Bruton surrendered would be clearly excessive and objectively unreasonable. In *Bush*, the Fifth Circuit held that a police officer

9

used excessive force that was objectively unreasonable when the police officer forcefully slammed a suspect's face into a vehicle after subduing her and placing her in handcuffs. 513 F.3d at 501-02. And in *Alexander*, once the suspect was complying with the police officers, the Fifth Circuit found it to be objectively unreasonable to throw the suspect to the ground, knee him in the back, and push his face into the ground. 854 F.3d at 309. Based on this precedent, it would be objectively unreasonable for the police officers to punch or kick Bruton once he surrendered.

In sum, based on Bruton's version of events, even though his version of the facts surrounding his arrest is disputed by the affidavits and police reports submitted by the defendants, and his version of the extent of his injuries is contradicted by the medical records themselves, a reasonable fact-finder could conclude that Bruton was not resisting arrest and that the force used by the officers that resulted in injury was therefore excessive. At this point, what happened when Bruton was arrested is a question of credibility not appropriate for resolution at this stage.

Accordingly, Bruton's evidence of excessive force is sufficient to defeat the defendants' defense of qualified immunity on a motion for summary judgment.

## Conclusion

For the foregoing reasons,

**IT IS RECOMMENDED** that Defendants' motion for summary judgment be **DENIED**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. The District Judge will consider timely objections before making a final ruling.

**Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, shall bar an aggrieved party, except on grounds of plain error, from attacking on appeal the unobjected-to factual findings and legal conclusions accepted by the District Judge.**

In Chambers, at Monroe, Louisiana, this 15th day of October 2019.

                                                KAREN L. HAYES
                                                UNITED STATES MAGISTRATE JUDGE